FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 SEP 16 A 10: 55
CLERK
ST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES EDWARD SCRIVENS,

   Plaintiff,

vs.

DANNY HOBBS, Warden; WILLIAM
YOUNG, Former Assistant Warden;
Lt. B. RULEY; Officer ROBINSON;
KNOWN AND UNKNOWN AGENTS
OF THE FEDERAL BUREAU OF
PRISONS,

   Defendants.

CIVIL ACTION NO.: CV205-063

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the United States Penitentiary in Jonesboro, Virginia, has filed an action pursuant to 28 U.S.C.A. §§ 1331 and 1346 and <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971)[1], contesting the conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to

---

[1] Plaintiff filed this action pursuant to 42 U.S.C.A. § 1983. As Plaintiff is a federal prisoner, his cause of action is more appropriately filed pursuant to <u>Bivens</u>.

AO 72A
(Rev. 8/82)

liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Through his Complaint and his affidavits in support thereof, Plaintiff asserts that he was assaulted by another inmate with a padlock in a sock. Plaintiff alleges that the investigation into this matter, which occurred on or about August 15, 2001, revealed that the padlock the other inmate used to assault Plaintiff was obtained from the UNICOR tool

2

room area and had been used previously to secure a cabinet. (Compl., p. 2; Ex. A.) Plaintiff generally alleges that Defendants Hobbs, Young, Ruley, Robinson, and other known and unknown employees of the Bureau of Prisons violated his constitutional rights.

Plaintiff previously brought these exact claims against the same Defendants[2] in a cause of action filed in this Court on December 13, 2002. (Case Number CV202-200.) On January 23, 2003, the undersigned issued a Report wherein he recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief could be granted. (CV202-200, Doc. No. 9.) This Report was adopted as the opinion of the Court by Order dated March 6, 2003. (CV202-200, Doc. No. 15.) Plaintiff filed an appeal of the Judgment dismissing that case, and the Eleventh Circuit Court of Appeals denied Plaintiff's appeal as being frivolous.

"*Res judicata*, or claim preclusion, bars a subsequent claim when a court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). Under Georgia law, "[t]hree prerequisites must be satisfied before res judicata applies– (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Roth v. Gulf Atlantic Media of Georgia, 244 Ga. App. 677, 679, 536 S.E.2d 577, 579 (2000).[3]

---

[2] Plaintiff also named Scott Schleder, a disciplinary hearing officer, as a Defendant in Case Number CV202-200. However, this does not alter the undersigned's recommendation.

[3] In Pleming, the Eleventh Circuit noted there is a split in this Circuit as to whether state or federal law is applicable under *res judicata*. In Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499 (11th Cir. 1984), the Court found that a federal court reviewing the preclusive effect of a prior federal judgment applies federal common law. However, in NAACP v. Hunt, 891 F.2d 1555 (11th Cir. 1999), the Court concluded that federal

3

In the instant case, Plaintiff has presented the Court with the same claims against the same Defendants as he did in Case Number CV202-200. Plaintiff's previously filed cause of action was adjudicated on the merits. Thus, Plaintiff's attempts to renew this cause of action should be barred based upon *res judicata* principles. It is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 16th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

courts should apply the law of the state in which they sit with respect to the doctrine of *res judicata*. The Court also noted in Pleming that both the federal and Georgia principles of *res judicata* require the cause of action in the first and second lawsuits to be the same. Pleming, 142 F.3d at 1356, n.1. Therefore, it is proper to apply Georgia law in the case at hand.

4

AO 72A
(Rev. 8/82)